## Gertrude M. Seehausen, Appellee, v. Oscar Seehausen, Appellant.

### Gen. No. 19,243.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Marcus
Kavanagh, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1913. Reversed and remanded with directions.
Opinion filed May 21, 1914.

### Statement of the Case.

Petition by Oscar Seehausen praying to have a de-
cree of divorce in favor of Gertrude M. Seehausen,
his divorced wife, modified with respect to the weekly

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

allowance which the decree required the husband to pay during the life of the wife and so long as she remained unmarried. The allowance to be paid per week was fifty dollars, which was decreed to be in full satisfaction of permanent alimony and in lieu of all dower and homestead rights, claims and demands of the wife by virtue of the marriage. The court sustained a special demurrer to the petition and the petition was dismissed for want of equity. To reverse the order, petitioner appeals.

STEIN, MAYER & STEIN, for appellant.

No appearance for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 110*—*jurisdiction to modify decree awarding weekly allowance in lieu of alimony.* Where a court grants a divorce in favor of the wife and the decree ordered that in lieu of permanent alimony the husband should pay a certain weekly allowance to the wife for life and so long as she remains unmarried, the court has power thereafter to modify the decree on petition of the husband showing that the circumstances and needs of the parties have materially changed since the entry of the decree.

2. DIVORCE, § 108*—*when petition for reduction of weekly allowance presents prima facie case.* Where a petition by a divorced husband to have a decree of divorce modified, by reducing the amount of the weekly allowance ordered to be paid to the divorced wife in lieu of permanent alimony, alleged that since the time the decree was entered his business had failed and he was without employment and had no property of any kind and that the divorced wife was the owner of a farm and amply able to care for herself out of her personal estate, *held* that the petition stated a *prima facie* case for relief and that the court erred in sustaining a special demurrer thereto and dismissing the petition.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.